UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BRENDA DUNN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:10-0055 |
| | ) | Judge Trauger |
| v. | ) | |
| | ) | |
| MCDONALD'S CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Pending before the court is the defendant's Motion for Summary Judgment (Docket No. 15.) For the reasons discussed herein, the defendant's motion will be granted, and this case will be dismissed.

## FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of plaintiff Brenda Dunn's visit to a McDonald's restaurant on April 14, 2007.[1] (Docket No. 1 at 1.) Dunn drove to the McDonald's restaurant [hereinafter "the Restaurant"] located at 2612 Franklin Pike, Nashville, Tennessee, at approximately 9:30 a.m. and pulled up to the drive through window of the Restaurant. (*Id.*) Dunn ordered a biscuit, hash browns, and coffee with cream and sugar. (*Id.*)

Next, Dunn paid for and received her order, and then pulled her vehicle forward. (*Id.*) She briefly stopped her vehicle and attempted to remove the lid of the coffee cup to put the

---

[1] Unless otherwise noted, the facts are drawn from the defendant's statement of undisputed facts (Docket No. 16) and related affidavits and exhibits. Although facts are drawn from submissions made by both parties, on a motion for summary judgment, all inferences are drawn in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986); *McLean v. 988011 Ontario, Ltd.*, 224 F. 3d 797, 800 (6th Cir. 2000).

1

cream and sugar in her coffee. (*Id.*) However, Dunn had difficulty removing the lid because it was "on so tight" and when she finally was able to remove it, some coffee spilled onto her hands. (*Id.*) The Complaint alleges that the coffee was so hot that it caused Dunn to "involuntarily jerk her hand," and then the cup of coffee spilled onto her lap. (*Id*. at 1-2.)

The spilled coffee burned Dunn's inner thighs. (*Id*. at 2.) Dunn immediately drove to Vanderbilt Hospital for emergency treatment of her first, second, and third-degree burns. (*Id*.) Dunn was later admitted to the hospital for a skin graft. (*Id*.) Dunn continues to be under a doctor's care as a result of her injuries. (*Id*.)

On April 11, 2008, Dunn filed a Complaint against McDonald's Corporation in this court. (Docket No. 15, Ex. 3.) McDonald's Corporation, in its Answer, asserted that it neither owned nor operated the Restaurant. (Docket No. 15, Ex. 5.) On January 16, 2009, the parties entered into a Stipulation of Dismissal, dismissing the case without prejudice. (Docket No. 15, Ex. 7.)

Dunn filed the current Complaint against McDonald's Corporation on January 19, 2010, asserting the same allegations from her first lawsuit. (Docket No. 1 at 1-3.) McDonald's Corporation has again answered that it neither owned nor operated the Restaurant. (Docket No. 6 at 1.)

On May 14, 2010, the defendant filed a Motion for Summary Judgment, arguing that the plaintiff had sued the wrong party. (Docket No. 15 at 1.) The defendant has filed an affidavit from Managing Counsel David Bartlett, which states that McDonald's Corporation: (1) does not own or conduct day-to-day operations of the Restaurant; (2) does not maintain the property on which the Restaurant sits; (3) does not sell or supply any products to the Restaurant; and (4) does not own or operate any business that sells or supplies products to the Restaurant. (Docket No. 15, Ex. 4 at 1-2.) Bartlett also states that the Restaurant is owned and operated by McDonald's Restaurants of Tennessee, pursuant to the terms of a franchise agreement dated January 1, 1985.

(*Id.* at 2.) The defendant also filed the Tennessee Secretary of State's "Certificate of Existence," which shows that McDonald's Restaurants of Tennessee is an active Tennessee corporation. (Docket No. 15, Ex. 11.) The plaintiff has not responded to the defendant's motion nor its statement of undisputed facts.

## ANALYSIS

The defendant contends that it is entitled to summary judgment because it was not involved in the conduct alleged in the Complaint, and, therefore, the plaintiff has sued the wrong party. The plaintiff has not filed a response to the defendant's motion.

I. **Summary Judgment Standard**

Federal Rule of Civil Procedure 56(c) requires the court to grant a motion for summary judgment if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." If a moving party shows that there is no genuine issue of material fact as to at least one essential element of the non-moving party's claim, the burden shifts to the non-moving party to provide evidence beyond the pleadings "set[ting] forth specific facts showing that there is a genuine issue for trial." *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir. 2009); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "In evaluating the evidence, the court must draw all inferences in the light most favorable to the non-moving party." *Moldowan*, 578 F.3d at 374.

"'[T]he judge's function is not . . . to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial.'" *Id.* (quoting *Anderson v.*

3

*Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). But "the mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient," and the non-moving party's proof must be more than "merely colorable." *Anderson*, 477 U.S. at 249, 252. An issue of fact is "genuine" only if a reasonable jury could find for the non-moving party. *Moldowan*, 578 F.3d at 374 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The court may not, however, grant the defendant's motion solely on the grounds that the plaintiff has failed to respond. *See Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 614 (6th Cir. 1998).

> Indeed:
>
> [A] district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged [his initial] burden. . . . The federal rules require that the party filing a motion for summary judgment always bears the burden of demonstrating the absence of a genuine issue as to a material fact.
>
> *Id.* (citing *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991).

But, a non-moving party's failure to respond to a motion "'indicate[s] that there is no opposition to the motion.'" M.D. Tenn. L. R. 7.01(b)). Also, the failure to respond to a statement of facts filed in support of a motion for summary judgment "'shall indicate that the asserted facts are not disputed for the purposes of summary judgment.'" M.D. Tenn. L. R. 56.01(g)).

## II.    McDonald's Corporation's motion

McDonald's Corporation asserts that the plaintiff has sued the wrong party. It argues that, since it does not own, operate, or supply the Restaurant, it could not and "did not play any role in the alleged incident in this case." (Docket No. 15, Ex. 2 at 7.)

In support of its motion, the defendant relies on three cases. (*See id*. at 4-5.) In *Miller v. R&M Investments LLC*, the plaintiff, like here, sued McDonald's Corporation when he suffered food poisoning after eating at a McDonald's restaurant located in Fruita, Colorado. 2006 LEXIS 81215 at *1-3 (S.D. Ohio Nov 1, 2006). In *Miller*, McDonald's Corporation filed a motion to dismiss, which the court converted to a summary judgment motion, and the defendant, like here, argued that the plaintiff had sued the wrong party. *Id*. at *2. As here, McDonald's Corporation provided an affidavit from David Bartlett, who stated that McDonald's Corporation: (1) did not own or operate the restaurant; (2) did not sell any product at the restaurant; (3) did not manufacture, process, or prepare any product for sale at the restaurant; (4) did not own or operate any business that supplied products to the restaurant; and (5) did not have the right to control day-to-day activities necessary to carry on the restaurant's business operations. *Id*. at *6. The plaintiff, like here, failed to respond to the defendant's motion. *Id*. at *2. The court relied exclusively on Bartlett's affidavit to hold that "no reasonable jury could find, based on the present record," that McDonald's Corporation had liability to the plaintiff. [2] *Id*. at *7.

Here, McDonald's Corporation presents Bartlett's affidavit to show that McDonald's Corporation was not involved in any misconduct alleged in the plaintiff's Complaint. (Docket

---

[2] [2] The other cases relied upon by McDonald's Corporation, *White v. Swift Transportation Corp.* and *Freese v. Continental Airlines, Inc.*, are similar. In *Swift*, the court confirmed that "business entities are free to create corporate and company structures that perform different functions and own different assets," and therefore, it is necessary for the plaintiff to identify the correct corporate entity allegedly responsible for the injury at issue. 2005 LEXIS 45320 at *9 (E.D. Tenn. Nov. 30, 2005). And, in *Freese*, where the defendant showed that it did not "control or operate" the flight on which the plaintiff was injured, the fact that the airplane and flight bore the "Continental" moniker was not sufficient for Continental to be liable for the injuries on the flight. 2009 LEXIS 63214 at *11 (N. D. Ohio July 23, 2009).

5

No. 15, Ex. 4.) Consistent with the affidavit in *Miller*, Bartlett states that McDonald's Corporation does not own or operate the Restaurant, conduct day-to-day operations at the Restaurant, maintain the Restaurant's location, sell or supply any products to the Restaurant, or own or operate any business that supplies products to the Restaurant. (*Id.* at 1-2.) Bartlett also states in his affidavit that McDonald's Restaurants of Tennessee, Inc. owns and operates the Restaurant. (*Id.* at 2.) Further, McDonald's Corporation produced a document showing that McDonald's Restaurants of Tennessee is an active Tennessee corporation.[3] (Docket No. 15, Ex. 11.)

In sum, the defendant argues that, like the defendants in *Miller, White,* and *Freese*, it is entitled to summary judgment because it played no role in the conduct alleged in the Complaint. The plaintiff has not responded to the defendant's motion, and, therefore, has failed to raise a genuine issue of material fact with respect to whether McDonald's Corporation has liability for the plaintiff's injuries.

The defendant has brought forth evidence that, despite having a name associated with the locus of the injury, it does not bear responsibility for that injury, given the corporate structure of McDonald's and its restaurants. The plaintiff, despite having considerable opportunity, has failed to bring forth any evidence to challenge the defendant's contentions. While the case presented by McDonald's Corporation could be stronger (it failed to file the franchise agreement, for instance), McDonald's Corporation has met the burden of proof necessary to prevail on an unopposed motion for summary judgment.

---

[3] This is a negligence case, and therefore, the defendant also adds that, since it was not involved in any conduct alleged in the Complaint, it owes no duty of care to the plaintiff. (Docket No. 15, Ex. 2 at 6-7.)

For the reasons expressed herein, the defendant's Motion for Summary Judgment (Docket No. 15) is **GRANTED** and this case is **DISMISSED**.

It is so ordered.

_____
ALETA A. TRAUGER
United States District Judge

7